# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) ) | |
| vs. | ) | No. CR-07-281-D |
| JAMES E. GOLDEN, JR., | ) ) ) | |
| Defendant. | ) | |

# **O R D E R**

Before the Court are the Defendant's objections to the Writs of Continuing Garnishment filed by the government against certain property of Defendant, who is a judgment debtor as a result of a criminal judgment entered by the United States District Court for the Southern District of Iowa, Criminal No. 4:04-CR-251, on September 28, 2007 (the "Judgment"). Upon Defendant's motion, the Iowa Court transferred the matter of Defendant's objections to this Court.[1]

On December 2, 2010, the Court conducted a hearing on Defendant's objections.[2] Defendant appeared by his counsel of record, J. David Ogle, but did not appear in person. The government appeared by its counsel, Assistant United States Attorney Kay Sewell. At the hearing, Defendant's counsel announced he had no additional argument to present, and that Defendant would stand on the argument set forth in its previously filed claim of exemption. The government also announced it would present no further argument, and elected to rest on the arguments and authorities set forth in

---

[1] A previous matter related to Defendant's supervised release was also transferred to this Court, as Defendant resides in this judicial district. This case was opened at that time, and the Iowa court file and garnishment pleadings and briefs were later transferred and filed under the same criminal case number in this Court. In this Order, the Court has identified pleadings and briefs by the document numbers assigned in the Iowa court file.

[2] The hearing was originally scheduled on September 28, 2010, but the Court granted Defendant's request for a continuance. The continued hearing of October 28, 2010 was also postponed at Defendant's request.

its brief in response to Defendant's exemption claim. Accordingly, the matter is resolved on the basis of the parties' written submissions.

I. Background:

The Amended Judgment entered by the Iowa court on October 25, 2007 [Doc. No. 102] directed Defendant to pay restitution in the amount of $5,719,340.22. According to the Writ of Continuing Garnishment filed April 7, 2010, the judgment owed as of April 6, 2010 was $4,303,494.39.

While the case was pending in the Iowa court, Writs of Continuing Garnishment were issued by the government to The Vanguard Group, Inc. ("Vanguard") and to Monumental Life Insurance Company ("Monumental"). Both garnishees filed answers [Doc. Nos. 168 and 173] prior to the transfer to this Court. In addition, Defendant filed a "Claim for Exemption Form" [Doc. No. 166] in which he described the claimed exemptions to garnishment as "[p]ursuant to 31 Okla. Stat. Section 1, any interest in a retirement plan," and "[a]ny other exemption available under federal law." Defendant did not file a brief in support of his claimed exemptions. After the garnishment was transferred to this Court, the government filed a brief in response to the objections [Doc. No. 14].

The answers filed by Vanguard and Monumental describe the property which the government seeks to garnish. According to the answer filed by Vanguard [Doc. No. 168], the property consists of 1) a Roth IRA registered to Defendant and having a value of $129,049.56 as of March 19, 2010; 2) a variable annuity contract registered to Defendant and having a value of $11,653.67 as of March 19, 2010 (the variable annuity was issued by Monumental, and Vanguard is the third-party administrator and record keeper); and 3) a brokerage account with a March 19, 2010 value of

$18,574.75 and managed by Vanguard Market Corporation. Following receipt of this answer, the government issued a Writ of Continuing Garnishment to Monumental; its answer [Doc. No. 171-3] identified property in its possession or control as the variable annuity identified in Vanguard's answer, in the approximate value of $11,456.40 as of July 28, 2010. No other property was identified by the garnishees in their answers.

Defendant's sole objection to the garnishment of these funds is his claim that they constitute retirement funds which are exempt from garnishment under Oklahoma law. A party objecting to a garnishee's answer shall "bear the burden of proving such grounds" for its objection. 28 U. S. C. § 3205(c)(5). Where a party claims an exemption to garnishment, he has the burden of establishing the exemption applies. *See United States v. Ahmed*, 2007 WL 1430095, at * 1 (D. Colo. May 14, 2007) (unpublished opinion).

II. Application:

Defendant's Claim for Exemption Form does not explain his contention that Okla. Stat. tit. 31 § 1 applies to exempt the subject property from garnishment, nor did he file a brief or present legal authority other than the statutory citation. The Oklahoma statute provides in pertinent part that certain property listed therein is "exempt from attachment or execution and every other species of forced sale for the payment of debts." Okla. Stat. tit. 31 § 1(A). Among the listed exemptions is "any interest in a retirement plan or arrangement qualified for tax exemption or deferment purposes;" included in the examples provided are IRAs, "individual retirement annuities," and "Roth individual retirement accounts." Okla. Stat. tit. 31 § 1(A)(20).

The government argues the Oklahoma exemption is inapplicable to this federal garnishment proceeding. Furthermore, it contends the only exemptions available to Defendant are those set out

3

in applicable federal statutes, and no exemption is provided for the funds it seeks to garnish.

As the government correctly argues in its brief, the Mandatory Victims Restitution Act ("MVRA"), 18 U. S. C. § 3613(a), governs liens arising from criminal fines and restitution obligations. The MVRA applies the exemptions set out in the Internal Revenue Code, 26 U. S. C. § 6334, which lists property "exempt from levy." The listed exempt property does not include retirement accounts, IRA's, or similar retirement funds.[3] The exemptions available in proceedings to collect criminal restitution judgments are limited to those set out in 26 U. S. C. § 6334, and retirement benefits are not exempt. *United States v. DeCay*, 620 F. 3d 534, 541 (5th Cir. 2010). As the Fifth Circuit explained:

> The only property exempt from garnishment under § 3613(a) is property that the government cannot seize to satisfy the payment of federal income taxes. 18 U.S.C. § 3613(a). Section 3613(c) underscores the Congressional directive that restitution orders should be satisfied in the same manner as tax liabilities. 18 U.S.C. § 3613(c) (stating that an order of restitution imposed under this chapter "is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986") (emphasis added). As we have already recognized, pension plan benefits are subject to levy under the IRC to collect unpaid taxes. *See Shanbaum v. United States*, 32 F. 3d 180, 183 (5th Cir.1994); *see also United States v. Irving*, 452 F. 3d 110, 126 (2d Cir. 2003) ("ERISA pension plans are not exempted from payment of taxes under 26 U.S.C. § 6334 [of the IRC], and thus they should not be exempted from payment of criminal fines.... Moreover, § 3613(c) [of the MVRA] demands that criminal fines in favor of the United States should be enforced in the same manner as a tax liability would be enforced.").

*Id.* (emphasis added). Other courts have reached the same conclusion, holding the exemptions available in a federal court garnishment action seeking collection of restitution are limited to those in the Internal Revenue Code, and retirement benefits are not exempt. *See, e. g., United States v .*

---

[3]There are a few specific retirement plans included in the list of exemptions; for example, funds under the Railroad Retirement Act are exempt. 26 U. S. C. § 6334.

*Novak,* 476 F. 3d 1041, 1053 (9th Cir.2007) (the government's writ of garnishment to enforce criminal restitution has the same reach as a writ of garnishment to enforce a tax lien, and retirement benefits are not exempt); *United States v. Phillips*, 303 F. 3d 548, 550-51 (5th Cir. 2002). In fact, the Sixth Circuit has expressly interpreted the Internal Revenue Code as prohibiting a criminal defendant from relying on state exemptions:

> [T]he provisions of 18 U.S.C. § 3613(a) state that the United States may enforce a judgment imposing a fine, restitution, or assessment against the property of the person fined, with the exception of those exemptions found in 26 U.S.C. § 6334. Section 6334(c) prohibits a criminal defendant from using state exemptions to protect his assets.

*United States v. Nash*, 175 F. 3d 440, 443 (6th Cir.1999).

Furthermore, the procedures applicable to federal debt collection procedure are set out in the Federal Debt Collection Procedures Act ("FDCPA"), 28 U. S. C. § 3001 *et seq.*, and the FDCPA contains a provision preempting state law: "[p]reemption - This chapter shall preempt State law to the extent such law is inconsistent with a provision of this chapter." 28 U. S. C. § 3003(d).

The FDCPA procedures apply in this case, as those procedures apply to both civil and criminal proceedings, and the FDCPA definition of a debt includes, *inter alia,* "restitution." 28 U. S. C. § 3002(3)(B). The government may use the FDCPA to collect on a restitution debt owed by criminal defendants. *United States v. Rostoff*, 164 F. 3d 63 (1st Cir. 1999).

The amended judgment in this case specifically states it does not limit the government's authority to pursue collection pursuant to the FDCPA. Amended Judgment, p. 5 [Doc. No. 102]. Although the government does not expressly cite the FDCPA in the Writs of Continuing Garnishment, the file reflects it has applied FDCPA procedures. For example, it provided to the garnishees forms for submitting an answer, and it provided to Defendant a notice of the garnishment,

5

along with a list of federal exemptions and a form for claiming exemptions. These procedures are prescribed by the FDCPA. In addition, Defendant specifically relied on the FDCPA to support his motion to transfer the garnishment hearing to this Court. *See* Motion [Doc. No. 170].

To the extent Oklahoma's debt collection procedures are in conflict with the FDCPA, they are preempted by federal law. The FDCPA procedures were followed in this case, and those procedures include, *inter alia,* the requirement that Defendant be provided a list of federal exemptions which he could claim. Defendant utilized the form provided to him to claim an exemption. However, the only identified claimed exemption is based on state law, which is expressly not a recognized federal exemption applicable to the garnishment in this case. Defendant identifies no federal exemption which could arguably apply, and he offers no argument or authority in support of a federal exemption. Defendant has failed to meet his burden of establishing a federal exemption which would preclude the garnishment sought in this case.

III. Conclusion:

In accordance with the foregoing, Defendant's claimed exemptions are denied, and his objections to the Writs of Continuing Garnishment are overruled. The government may proceed to take the necessary action to pursue the Writs of Continuing Garnishment issued in this case.

IT IS SO ORDERED this 13th day of December, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE